IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

INDUSTRIAL TURNAROUND CORP.,

Plaintiff,

v.

DECKER INDUSTRIES, INC.,

Defendant.

Action No. 3:08-CV-312

## MEMORANDUM OPINION

THIS MATTER is before the Court on a Motion to Remand by Industrial Turnaround Corp. and a Motion to Transfer Case and a Motion to Dismiss for Lack of Jurisdiction by Decker Industries, Inc. For the reasons stated in this Memorandum Opinion, the Motion to Remand will be GRANTED and the Motion to Transfer Case and the Motion to Dismiss for Lack of Jurisdiction will be DISMISSED.

1.  Background

Decker was hired by defendant Spruance Genco, LLC as the general contractor of a project to build "a coal-burning cogeneration facility" in Richmond. Decker hired ITAC to perform electrical work on the project, in accordance with a contract and two purchase orders for a total amount of $685,000. ITAC alleges that it performed and requested payment for the work that the contract required, but that Decker has refused to pay $319,520 that it owes to ITAC. Thus, on April 7, 2008, ITAC sued Decker for breach of contract and Spruance for unjust enrichment in the Circuit Court for the City of Richmond.

1

ITAC alleges that it served the Complaint on Spruance's registered agent on April 11 and on the Secretary of the Commonwealth, which on April 23 forwarded the Complaint to Decker and filed a certificate of compliance with the Circuit Court indicating that the Complaint had been properly served. Decker, however, alleges that it was served on April 29. Spruance filed an Answer on April 18, and Decker removed the suit to this Court on May 22, arguing that the Court has diversity jurisdiction over the suit. But, Spruance has not filed a notice of removal or consented to Decker's removal of the suit. Nor have any attorneys appeared on behalf of Spruance.

2. Discussion

Statutes governing removal must be strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09 (1941); Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). Thus, if it is doubtful whether a suit may be removed, it must be remanded. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004).

Under 28 U.S.C. § 1441, if a federal district court has diversity jurisdiction over a civil action that is brought in a state court, and none of the parties that were properly joined and served as defendants are citizens of the state in which the action was brought, the action "may be removed by the defendant or the defendants[] to the district court of the United States for the district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a), (b). Removing a case requires complying with § 1446, which requires "the defendant" to file a notice of removal within thirty days after it has received a copy of the plaintiff's initial pleading, with exceptions that do not apply in this case. See id.

2

§ 1446(b). Filing a timely notice of removal is necessary to confer jurisdiction on a district court. See Niblock v. Mercedes Benz Credit Corp., 134 F.3d 363, *1 (4th Cir. 1998) (unpublished table decision).

Generally, a suit with more than one defendant may be removed only if every defendant joins or consents to a notice of removal. Guyon v. Basso, 403 F. Supp. 2d 502, 505 (E.D. Va. 2005); see Creekmore v. Food Lion, Inc., 797 F. Supp. 505, 509 (E.D. Va. 1992) (ruling that every defendant must either file a notice of removal or consent to another defendant's notice of removal).[1] The purpose of that rule is to prevent a plaintiff from having to prosecute a claim in more than one forum. Guyon, 403 F. Supp. 2d at 505.

Whereas the defendant that is served first must file a notice of removal within thirty days of the date that it is served, a defendant that is served subsequently "ha[s] thirty days from the time [that it] is served with process or with a complaint to join in an otherwise valid removal petition." McKinney v. Bd. of Trustees of Md. Cmty. Coll., 955 F.2d 924, 926–928 (4th Cir. 1992). Thus, in a suit with two defendants, if defendant 2 is served after (but within thirty days of) the date that defendant 1 is served, to remove the suit defendant 2 must either (a) consent to a notice of removal that was filed by defendant 1 within thirty days of the date that it was served, or (b) file its own notice of removal – with the consent of defendant 1 – within thirty days of the date that defendant 1 was served. See id. Each defendant must "affirmatively and unambiguously" state that it wants to remove the suit.

---

[1] But, a defendant does not have to join the removal if (1) it had not been served when the notice of removal was filed; (2) it is only a nominal defendant; or (3) "the removed claim is independent of one or more nonremovable claims against the nonjoining defendants." Creekmore, 797 F. Supp. at 508 n.4.

3

Creekmore, 797 F. Supp. at 508 (citation omitted). Thus, failing to object to a notice of removal – i.e., remaining silent – does not constitute consent, and one defendant may not represent to a court that another defendant consents to removal. See id. at 508–09.

In this case, ITAC alleges that Decker was served on April 23, and Decker alleges that it was served on April 29. If either of those dates are correct, however, Decker was served after Spruance, which filed its Answer on April 18. Since Spruance was served first, the defendants' deadline for filing a notice of removal was thirty days after the date that Spruance was served. That deadline was May 18, at the latest (since Spruance filed its Answer on April 18, entailing that it had been served by that date). But, Decker did not file a notice of removal until May 22, and Spruance neither joined Decker's request to remove the suit, filed a separate notice of removal, nor otherwise consented to removal. Thus, Decker's notice of removal was not timely filed. Accordingly, the Court lacks jurisdiction under § 1441 and will remand this suit to the Circuit Court for the City of Richmond.[2] Consequently, Decker's Motion to Transfer Case and Motion to Dismiss for Lack of Jurisdiction will be dismissed.

It will be SO ORDERED.

---

[2] Assuming, for the sake of argument, that Decker timely filed a notice of removal, the fact that Spruance has not joined that request or otherwise asserted that it wants to remove the suit requires the Court to remand this case, under McKinney. That fact does not strip the Court of its jurisdiction over the suit, however. See Adams v. Aero Servs. Int'l, Inc., 657 F. Supp. 519, 521 (E.D. Va. 1987).

/s/
James R. Spencer
Chief United States District Judge

ENTERED this 24th day of June 2008

/s/

James R. Spencer
Chief United States District Judge